# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-5033**                    **September Term, 2020**

**1:16-cv-02313-TJK**
**1:17-cv-00022-TJK**

**Filed On:** June 1, 2021

Michael Beals Ellis and Robert A. McNeil,

      Appellants

    v.

Amy Berman Jackson, et al.,

      Appellees

------------------------------

Consolidated with 20-5034

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Millett, Wilkins, and Katsas, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to appoint counsel, appellants' requests for judicial notice, appellants' motion for leave to file a supplemental appendix, and appellees' Rule 28(j) letter and the response thereto, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the requests for judicial notice be denied. Appellants have not demonstrated that the materials as to which they seek judicial notice are appropriate for judicial notice or relevant to the disposition of this case. See Fed. R. Evid. 201(b); Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009). It is

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5033**                                    **September Term, 2020**


       **FURTHER ORDERED** that the motion to supplement the appendix be granted. The Clerk is directed to file the lodged supplemental appendix.  It is

       **FURTHER ORDERED and ADJUDGED** that the district court's orders filed June 19, 2018, and January 13, 2020, be affirmed.  Appellants have not shown that the district court erred in concluding that their claims are barred by the Anti-Injunction Act, the purpose of which is to allow the government to assess and collect taxes without judicial interference.  See 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5, 7 (1962).  Further, nothing appellants argue on appeal demonstrates that the denial of their Rule 59(e) motion amounted to an abuse of discretion.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

       Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.


<u>**Per Curiam**</u>


                   **FOR THE COURT:**
                   Mark J. Langer, Clerk

         BY:    /s/
                   Daniel J. Reidy
                   Deputy Clerk